IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL ALVARADO,

    Plaintiff,

vs.

GOVERNOR KATE BROWN;
COLLETTE PETERS; NP MORIAM
BALOGUN; LT. MULLENS; RN MAKEY;
SGT. REDDING,

    Defendants.

Case No. 6:20-cv-01114-MK

**OPINION AND ORDER**

AIKEN, District Judge:

    United States Magistrate Judge Mustafa T. Kasubhai issued Findings and Recommendation ("F&R") (doc. 10) in this case on October 26, 2020. In the F&R, Judge Kasubhai recommended that plaintiff's claims against Governor Brown and Director Peters be dismissed. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    Plaintiff filed timely objections. Doc. 13. Accordingly, the Court must "make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff objects to Judge Kasubhai's conclusion that the Amended Complaint fails to state a claim under 42 U.S.C. § 1983 against Governor Brown and Director Peters because it fails to identify either defendant's personal involvement in a deprivation of plaintiff's rights. Plaintiff correctly observes that supervisors "need not be 'directly and personally involved in the same way as are the individual officers who are inflicting constitutional injury." Objections at 2 (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991). A supervisor may also be liable under § 1983 for the acts of her subordinates "if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). As plaintiff notes, and Judge Kasubhai observed in his Order to Amend, a plaintiff can establish a causal connection by alleging that a supervisor "failed to act or improperly acted in the training, supervision, or control of his subordinates"; "acquiesc[ed] in the constitutional deprivation"; or engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1205-09; *see also* Doc. 5 at 3 (noting that a supervisor "is not liable for the constitutional violations of employees unless the supervisor 'participated in or directed the violations, or knew of the violations and failed to act to prevent them'" (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

The Amended Complaint asserts deliberate indifference claims, alleging that plaintiff contracted COVID-19 when he was transferred to Oregon State Penitentiary in April 2020 and that, once he was infected, he received negligent and inadequate medical care.  With respect to Governor Brown and Director Peters, the Amended Complaint alleges only that (1) these defendants failed to provide an Emergency Operational Procedure before implementing a quarantine on the Oregon Department of Corrections' facilities, (2) plaintiff could not have been transferred without Director Peters' authorization and Governor Brown's knowledge, and (3) the medical treatment that plaintiff received was not the proper medical care that Governor Brown had promised in a press conference.  Those conclusory allegations are not sufficient to support a causal connection between these defendants' conduct and plaintiff's alleged constitutional violation.

For those reasons, I agree with Judge Kasubhai's conclusion that the Amended Complaint fails to state claims for relief against Governor Brown and Director Peters and ADOPT the F&R (doc. 10).  Governor Brown, Director Peters, and the claims against them are DISMISSED from this action.

IT IS SO ORDERED.

Dated this 21st day of January 2021.


_____/s/Ann Aiken_____

Ann Aiken
United States District Judge

Page 3 – OPINION AND ORDER