IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL ALVARADO,

    Plaintiff,

v.

NP MORIAM BALOGUN; LT. MULLENS;
RN MAKEY; and SGT. REDDING,

    Defendants.

Case No. 6:20-cv-01114-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Daniel Alvarado ("Alvarado"), a self-represented litigant in the custody of the Oregon Department of Corrections ("ODOC"), brings this civil rights action under 42 U.S.C. § 1983 ("Section 1983") against several ODOC officials ("Defendants"). Alvarado alleges that Defendants were negligent and deliberately indifferent to his medical needs. This matter comes before the Court on Defendants' motion to stay this litigation. For the reasons that follow, the Court grants Defendants' motion to stay.

## BACKGROUND

Alvarado is an adult in custody ("AIC") of ODOC and is currently housed at Santiam Correctional Institution. (ECF No. 20.) On July 10, 2020, Alvarado filed this action against

PAGE 1 – OPINION AND ORDER

Defendants, alleging that he became infected with COVID-19 due to Defendants' negligence and deliberative indifference to his medical needs, and that he received inadequate medical care in violation of his constitutional rights. (Compl., ECF No. 2.)

Months earlier, on April 6, 2020, seven AICs housed at four ODOC institutions (the "*Maney* Plaintiffs") filed a Section 1983 civil rights action against Governor Kate Brown and several ODOC officials (together, "*Maney* Defendants"). (Def.'s Mot. to Stay at 1, ECF No. 28; *Maney et al. v. Brown et al.*, 6:20-cv-00570-SB ("*Maney*"), ECF No. 1.) The *Maney* Plaintiffs allege that the *Maney* Defendants acted with deliberate indifference by failing adequately to protect them from COVID-19 through social distancing, testing, sanitizing, medical treatment, masking, and vaccines. (*See Maney* TAC, ECF No. 160.) The *Maney* Plaintiffs assert allegations on behalf of a class of similarly situated AICs, and propose three classes: (1) the "Injunctive Relief Class"; (2) the "Damages Class"; and (3) the "Vaccine Class." (*Maney* TAC ¶¶ 20-21.)

On September 1, 2020, Alvarado filed an amended complaint ("FAC"). (ECF No. 7.) On October 26, 2020, the Court issued Findings and Recommendation, recommending dismissal of Alvarado's claims against Governor Kate Brown and ODOC Director Collette Peters (ECF No. 10), which the district judge adopted in full.[1] (Op. & Order, ECF No. 26.)

On January 21, 2021, the *Maney* Plaintiffs moved for a preliminary injunction requiring ODOC to offer all AICs housed in ODOC facilities a COVID-19 vaccine, and sought provisional class certification of the Vaccine Class, which includes: "All adults in custody housed at Oregon Department of Corrections facilities (ODOC) who have not been offered COVID-19

---

[1] Alvarado also filed a discovery motion on November 9, 2020 (ECF No. 14), and a motion for summary judgment on January 7, 2021 (ECF No. 22). The Court denied both motions as premature, with leave to renew at a later stage of the proceedings. (ECF Nos. 15, 30.)

PAGE 2 – OPINION AND ORDER

vaccinations." (*Maney* Pls.' Mot. Prelim. Inj., ECF No. 156; *Maney* Pls.' Mot. to Certify Class at 2, ECF No. 154.)

On January 26, 2021, Defendants filed a motion to stay this case pending resolution of the motion for class certification in *Maney*. On February 2, 2021, this Court granted the *Maney* Plaintiffs' motion for provisional class certification of the Vaccine Class and motion for a preliminary injunction. (*Maney* Op. & Order at 34, ECF No. 178.) The *Maney* Plaintiffs' motion for class certification of the remaining two classes is currently due on March 1, 2021. (ECF No. 110.)

## DISCUSSION

The parties dispute whether a stay pending resolution of the *Maney* class certification motion is appropriate here. As explained below, the Court concludes that the relevant factors weigh in favor of a stay.

### I. APPLICABLE LAW

"District courts have the discretion to stay proceedings pending before them." *Patton v. DePuy Orthopaedics, Inc.*, No. 19-cv-00081, 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936) and *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)); *see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "'(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" *DePuy*, 2019

WL 851933, at *3 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

## II. ANALYSIS

In opposing Defendants' motion to stay, Alvarado argues that the motion is "Defendants' third stall tactic," and that Defendants have had sufficient time to respond to the allegations set forth in his complaint. (Pl.'s Resp. at 1, ECF No. 38.) While the Court is sympathetic to Alvarado's concerns, the Court finds that, on balance, the relevant factors weigh in favor of staying this action pending resolution of class certification in *Maney*.

First, there is substantial overlap between the parties and legal issues to resolve in the *Maney* case and this case, as both actions include Section 1983 claims alleging that ODOC officials acted with deliberate indifference to AICs' health and safety by failing adequately to protect them from COVID-19. (*Maney* TAC ¶ 156; FAC at 1-8.) A stay will conserve judicial resources by avoiding duplicative litigation.

Furthermore, it appears that Alvarado is a member of all three putative classes in *Maney*. As explained above, the Court has already provisionally certified a Vaccine Class in *Maney*, of which Alvarado is a member. In addition, the *Maney* Plaintiffs seek to certify an Injunctive Relief Class composed of AICs that are at high risk of death or severe illness from COVID-19, and a Damages Class composed of individuals who have been continuously housed in ODOC facilities since February 1, 2020, and have contracted COVID-19. (*Maney* TAC ¶¶ 20-21.) Alvarado is a member of the *Maney* Injunctive Relief Class because he alleges that he is currently housed in an ODOC facility and is at high risk of death or severe illness from COVID-19 due to several pre-existing medical conditions. (*See* Mot. Summ. J. Att. 1, at 5, explaining that Alvarado suffers from a heart condition, high blood pressure, chronic obstructive pulmonary disease, and asthma; *Maney* TAC ¶ 20, noting that the Injunctive Relief Class includes "[p]eople

PAGE 4 – OPINION AND ORDER

with chronic lung disease, including asthma or chronic obstructive pulmonary disease" and "[p]eople with heart disease (such as congenital heart disease, congestive heart failure and coronary artery disease)"). Alvarado is also a member of the *Maney* Damages Class because he has contracted COVID-19. (FAC at 4.)

A stay in this case will not result in significant delay, as the motion for class certification in *Maney* is currently due on March 1, 2021. (ECF No. 110.) If the Court grants the *Maney* Plaintiffs' motion for class certification, Alvarado may elect to proceed as a member of the three classes, or he may opt out and litigate his own case. *See McDaniels v. Stewart*, No. 15-CV-05943-BHS-DWC, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017) (granting stay pending class certification and noting that "Plaintiff may elect to be a member of the class if it is certified, or opt-out and proceed with his own case"). On the other hand, if the Court denies class certification, Alvarado faces only a brief delay in this matter.

For these reasons, the Court concludes that staying this litigation will conserve judicial resources by avoiding duplicative litigation, and a stay will not unduly prejudice the non-moving party. *See McDaniels*, 2017 WL 132454, at *2 (granting stay because "staying this action pending resolution of class certification . . . promotes judicial economy and does not prejudice Defendants"); *see also Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *11 (N.D. Cal. May 19, 2020) (staying habeas petition pending adjudication in separate class action because "[t]he potential relief available to [the petitioner]—immediate release due to the COVID-19 pandemic, the conditions of confinement at the Yuba County, and his medical vulnerabilities—is the same substantive relief sought in this action and is based on the same underlying facts" and therefore "a stay pending adjudication of [the class action] is warranted"); *Duong v. Jennings*, No. 20-cv-02864-RMI, 2020 WL 2524252, at *2 (N.D. Cal.

May 18, 2020) (same); *Calderon v. Barr*, No. 2:20-cv-00891 KJM GGH, 2020 WL 2394287, at *4-5 (E.D. Cal. May 12, 2020) (same).

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to stay (ECF No. 28), and STAYS this action pending resolution of class certification in the *Maney* case.[2] In light of the stay, the Court DENIES Alvarado's motion to supplement his motion for summary judgment (ECF No. 32), motion for discovery (ECF No. 33), and motion to amend discovery (ECF No. 35), with leave to renew the motions without further briefing when the Court lifts the stay.

**IT IS SO ORDERED.**

DATED this 12th day of February, 2021.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[2] "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" *James v. Ariz. Dep't of Corrs.*, No. 18-4545, 2019 WL 7494660, at *2 (D. Ariz. Aug. 14, 2019) (quoting *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)). Defendants' motion to stay does not dispose of any claims or defenses and does not effectively deny any ultimate relief. Thus, this Court may resolve the motion to stay without full consent to the jurisdiction of a U.S. Magistrate Judge under 28 U.S.C. § 636(c).